IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Winston D. Douglas,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv1241 (AJT/TRJ) |
| | ) | |
| **Claude W. Mitchell,** | ) | |
| Respondent. | ) | |

CORRECTED MEMORANDUM OPINION AND ORDER

Winston D. Douglas, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. By Order dated November 01, 2013, the Court directed petitioner to either contest the applicable one year statute of limitations or establish that he was entitled to equitable tolling. In response to that Order, petitioner informed the Court that he previously filed a petition with this court on March 10, 2013, which was dismissed on July 31, 2013 for petitioner's failure to exhaust his claims before the Supreme Court of Virginia. Because the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented and petitioner has failed to establish that he is entitled to equitable tolling, the petition will be dismissed.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner was convicted on March 22, 2010, in the Circuit Court for the City of Portsmouth, Virginia. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on May 9, 2011. Petitioner then appealed to the Supreme Court of Virginia, which denied his petition for appeal on December 02, 2011. Therefore, petitioner's conviction became final on

March 1, 2012, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On August 31, 2012, petitioner filed a state habeas petition in the Circuit Court for the City of Portsmouth, which denied his petition on October 30, 2012. Petitioner later filed a second state habeas petition with the Supreme Court of Virginia on August 15, 2013, which refused and dismissed the appeal on September 13, 2013. Petitioner filed the instant petition on or around October 3, 2013.[2] Between March 1, 2012, the date petitioner's conviction became final, and August 31, 2012, the date petitioner filed his state habeas petition, 183 days passed. Between November 29, 2012, the date petitioner's first state habeas petition became final, see Va. S. Ct. R. 2A:2, and October 3, 2013, the date petitioner filed his federal petition, an additional 308 days passed. When these days are combined they establish that the instant petition was filed 126 days beyond the one-year limit. While the petitioner filed a habeas petition to the Virginia Supreme Court on August 15, 2013, that petition could not toll the statute of limitations because as it was untimely it was not "properly filed," within

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Though petitioner signed his petition, he did not include a date on his petition. Pet. at 148. The Court received the petition on October 3, 2013, and will thus use this date as the filing date. Petitioner did include a certificate of service that was dated on September 18, 2013, id. at 149, but this date would not change the analysis as his petition would still be deemed filed 105 days beyond the one-year limit.

the meaning of AEDPA. See McSheffrey v. Angelone, 172 f.3d 863 *2 (4th Cir. Feb 23, 199) ("A state application is properly filed if it complies with the state procedural requirements for successive collateral attacks on a conviction, such as timelineness and proper place of filing.").

In his reply to the November 1, 2013 Order, petitioner argues that the "protective petition" that he filed with this Court on March 10, 2013 tolled the statute of limitations. This argument, however, is foreclosed by the Court's decision in Duncan v. Walker, which held that "a properly filed federal habeas petition does not toll the limitation period" Congress provided in § 2244(d). See 533 U.S. 167, 172 (2001). As such, petitioner's March 10, 2013 petition did not toll the statute of limitations, and his instant petition is untimely.

Petitioner then argues that he is entitled to equitable tolling of the limitations period because he acted diligently to pursue his rights and that to strictly enforce the limitations period against him an "incarcerated non-lawyer" would amount to "an extreme instance of a miscarriage of justice as the petitioner clearly alleges in this case that he is actually innocent." Equitable tolling is only available in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). When the failure to file the petition was a result of petitioner's own lack of diligence, equitable tolling is not appropriate. See id. ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."); Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (petitioner's lack of diligence in pursuing federal remedy negates application of equitable tolling). Furthermore, an inmate's pro se status and lack of legal knowledge do not justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Assuming without deciding that petitioner diligently pursued his rights, petitioner has not alleged facts to support a finding that his untimely petition was "due to circumstances external to [his] own conduct." See Rouse, 339 F.3d at 246. As such, the instant petition will be dismissed as time-barred.

Petitioner also contends that he is actually innocent of his conviction for leaving the scene of accident. Resp. Order 11; docket # 12. The Supreme Court has recognized actual innocence as a basis for tolling the statute of limitations. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir.1998) (citations omitted).

A gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Id. If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers " 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial' " and determines whether the petitioner has met the standard for a gateway claim of innocence. House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir.2010) (quoting Schlup, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." Hill v. Johnson, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D.Va. Dec. 30, 2010) (citing Weeks v. Bowersox, 119 F.3d 1342, 1352–53 (8th Cir.1997); Feaster v. Beshears, 56 F.Supp.2d 600, 610 (D.Md.1999)). Petitioner has failed to support his claim with the required "new reliable evidence . . . that was not presented at

4

trial." See Schlup, 513 U.S. at 327–28. Thus, he has failed to show that he in entitled to equitable tolling on the basis of actual innocence.

Also before the Court is petitioner's Motion to Renew Request for Appointment of Counsel, docket no. 9; Motion for Change of Reviewing Justice, docket no. 10; Motion to Obtain Specific information, docket no. 13; Motion to Compel Discovery, docket no. 15; and Motion for Evidentiary Hearing, docket No. 14. For the reasons stated in the Court's November 15, 2013 Order, petitioner's Motion to Renew Request for Appointment of Counsel will be denied. In petitioner's Motion for Change of Reviewing Justice he states that there is a "sense of judicial bias [that] seems present." He also expresses concern that the assigned magistrate and undersigned Judge "may not be reviewing his . . . filings impartially and without anticipated ruling in favor of the Commonwealth."

Under the United States Code, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is required if a reasonable factual basis exists for doubting a judge's impartiality. People Helpers Foundation, Inc. v. City of Richmond, 12 F.3d 1321, 1325 (4th Cir.1993); Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir.1978). The relevant inquiry is whether a reasonable person would have a (actual basis to doubt the judge's impartiality, and not whether the judge in fact is impartial. In re Beard, 811 F.2d 818, 827 (4th Cir.1987). To be disqualifying, the judge's alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case; in other words, the prejudice must be personal rather than judicial. United States v. Grinnell Corp., 384 U.S. 563, 583 (1996); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 469 U.S. 873 (1984). "The mere fact that a judge has entered adverse rulings on motions or presided over other parallel proceedings is not enough in and of itself to warrant recusal." Hause v. Witkowski, 98 F.3d 1334 (4th Cir.1996) (table), 1996 WL 593798 (4th Cir. Oct. 16, 1996), citing United States v. Parker, 742 F.2d 127, 128-29 (4th Cir.), cert. denied, 469 U.S. 1076 (1984). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... [T]hey ... can only in the rarest circumstances evidence the degree of favoritism or antagonism [to make fair judgment impossible] ... when no extra-judicial source is involved."

5

Liteky v. United States, 510 U.S. 540, 555 (1994); accord, United States v. Lentz, 524 F.3d 501 (4th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 303 (2008) (upholding a district court's denial of recusal where the court in an earlier proceeding had made factual findings adverse to movant which were necessary to decide an evidentiary question and did not exhibit favoritism or antagonism); United States v. Williamson, 213 Fed. Appx. 235 (4th Cir.2007) (district court's denial of disqualification motion was not error where no showing of extra-judicial bias was made). As petitioner fails to claim that the undersigned Judge is acting under a bias that "stem[s] from an extra-judicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case" petitioner's motion will be denied. See Grinnell Corp., 384 U.S. at 583 (1996).

In petitioner's Motion to Obtain Specific Information, petitioner seeks to know why his case "was transferred to the jurisdiction of Virginia, when (1) the alleged offense occurred in the City of Portsmouth" and "(2) the petitioner currently resides in . . . Richmond County." As such, petitioner's motion will be construed as a Motion for Change of Venue. Venue for a habeas corpus action is proper in either the prisoner's district of confinement or his district of conviction. 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497 (1973); see, e.g., Rogers v. Wood, 241 Fed.Appx. 110 (4th Cir. July 11, 2007). In this case, petitioner was convicted in the City of Portsmouth. As such venue is proper, and his "Motion to Obtain Specific Information," construed as a Motion for Change of Venue, will be denied.

Petitioner's Motion to Compel Discovery, docket no. 15, and Motion for an Evidentiary Hearing, docket no. 14, will be denied, as moot. For the reasons discussed above, petitioner has failed to timely submit his petition and as such, the petition is dismissed. Therefore, there is no matter before the Court for which plaintiff is entitled to discovery or an evidentiary hearing.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE as barred by the statute of limitations; and it is further

ORDERED that petitioner's Motion to Renew Request of Appointment of Counsel (Docket # 9) be and is DENIED; and it is further

ORDERED that petitioner's Motion for Change of Reviewing Justice (Docket # 10) be and is DENIED; and it is further

ORDERED that petitioner's Motion to obtain specific information, construed as a Motion for Change of Venue, (Docket # 13); Motion to Compel Discovery, (Docket # 15); and Motion for Evidentiary Hearing, (Docket # 14); be and are DENIED.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 12 day of February 2014.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge